IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SARAH HELTON**                                                                            **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:15-CV-20-KS-MTP**

**WESLEY HEALTH SYSTEM, LLC**
**d/b/a WESLEY MEDICAL CENTER**                                      **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons below, the Court **denies** Defendant's Motion for Partial Summary Judgment [45].

<u>**I. BACKGROUND**</u>

This case involves alleged interference with rights secured by the Family and Medical Leave Act ("FMLA").[1] Plaintiff was a respiratory therapist employed by Defendant. On December 18, 2014, she began experiencing an elevated heart rate at work and went to the emergency room. The doctor prescribed anti-anxiety medication, told her to follow-up with her primary-care physician, and discharged her on the same day.

On December 26, 2014, Plaintiff had a panic attack at work. She went to the emergency room, and the doctor requested an evaluation for possible inpatient treatment. The next morning – December 27, 2014 – a counselor evaluated Plaintiff and found that she did not require inpatient treatment. She was discharged from the emergency room later that afternoon.

---

[1] 29 U.S.C. §§ 2601, *et seq.*

Plaintiff did not report for her scheduled work shifts on December 27, 28, or 31, 2014. The record contains conflicting evidence regarding the extent of Defendant's knowledge of Plaintiff's intentions and condition. On December 29, 2014, Plaintiff began the process of applying for FMLA leave. Two days later, Defendant's HR Manager called Plaintiff to inform her that she had been terminated for failing to provide notice of her absences from work. After Plaintiff protested, claiming that she had notified her supervisors, the HR Manager requested further information from Plaintiffs' supervisors. On the same day, Defendant received Plaintiff's FMLA request from its third-party FMLA administrator. On January 5, 2015, Defendant terminated Plaintiff.

Plaintiff subsequently filed a Complaint [1] in this Court. Defendant filed a Motion for Partial Summary Judgment [45], which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is

material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Defendant argues that 1) Plaintiff has no proof to support an award of liquidated damages; and 2) her potential damages are limited to a two-week period following the twelve weeks of FMLA leave to which she claims she was entitled.

#### A.   *Liquidated Damages*

"The FMLA prohibits employers from interfering with, restraining, or denying the exercise or the attempt to exercise, any right provided under the act." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005) (citing 29 U.S.C. § 2615(a)(1)). Any employer who violates the FMLA "shall be liable" to the affected employee for damages including 1) any salary or wages lost because of the violation, 2) interest calculated at the prevailing rate, and 3) "an additional amount of liquidated

damages" equal to the amount of salary or wages awarded. 29 U.S.C. § 2617(a)(1)(A).

If an employer who has violated the FMLA "proves to the satisfaction of the court that the act or omission . . . was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation" the Court may elect to not award liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii). To be clear, though, "even if a trial court is satisfied that an employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion . . . ." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). This discretion "must be exercised consistently with the strong presumption under the statute in favor of" liquidated damages. *Id.* "[I]t is not the employee's burden to disprove good faith. Rather, the employer has the substantial burden of proving its good faith." *Id.* at 928 n. 3.

Defendant argues that the record shows it acted in good faith and had reasonable grounds for believing its actions did not violate the FMLA.[2] First, Defendant argues that Plaintiff violated its attendance policy. Defendant's employee handbook [45-3] contains a provision addressing "Advance Notice of Unscheduled Absence," which provides:

---

[2] In its initial brief, Defendant argued that Plaintiff had no evidence that it *willfully* violated the FMLA. However, the "willful" standard "only appears in the FMLA in the limitations provision in § 2617 . . . ." *Id.* at 928 n. 4. The FMLA's general limitations period is two years, but in the case of willful violations, the period is three years. *Id.* (citing 29 U.S.C. § 2617(c)). The Fifth Circuit has declined to incorporate the limitations provision's "willfulness" standard into the liability provision "because there is no indication that the word 'willful' in the limitations provision has any bearing on the good faith defense in the liability provision." *Id.*

> If an employee is unable to work his/her scheduled shift, the employee must provide notice, per department policy, to his/her supervisor (or supervisor's designee). A notice of absence must be given for each and every scheduled workday or shift unless the employee has made arrangements in advance with his/her supervisor or an extended absence, or if the employee is on leave. A no-call, no-show absence is serious and will result in disciplinary action, up to and including separation.

Defendant argues that Plaintiff violated this provision by failing to notify her supervisor that she would not be able to work on December 27, 28, and 31, 2014. Moreover, Defendant contends that Plaintiff violated the advance notice policy prior to requesting FMLA leave.

Plaintiff's co-worker, Chris Malone, declared [50-5] that Rhonda Hudson, Plaintiff's supervisor, told him and other employees on December 27, 2014, that "Sarah was going to be out for a while," and that Hudson took her off the work schedule for the immediate future. Plaintiff's father, John King, declared [50-2] that he visited Plaintiff at the emergency room on December 26, 2014, and that "the director of [Plaintiff's] department, Stan Grantham, came by to check on her." King claims that he told Grantham that Plaintiff "would need to take some time off work," and that "Grantham readily agreed," providing King with his name and number, as well as Rhonda Hudson's name and number. Sean Jones, Defendant's human resources manager who decided to terminate Plaintiff, testified [50-6] that if Plaintiff's supervisor "was aware that she was going to be out for an extended period of time, . . . then it wouldn't be considered, in my opinion, a no call, no show." Finally, it appears to be undisputed that Defendant knew Plaintiff was in the process of filing an FMLA leave request on December 29, 2014 – prior to the absence on December 31, 2014, and prior to the final

5

decision to terminate Plaintiff on January 5, 2015. Rhonda Hudson, Plaintiff's immediate supervisor, testified [50-3] that Plaintiff told her that her mother had begun the process for requesting FMLA leave.

In the Court's opinion, the evidence cited above is sufficient to create a genuine dispute of material fact as to whether Plaintiff actually violated the advance notice policy, which only requires that an employee provide notice to her supervisor.[3] The record contains evidence that Plaintiff's immediate supervisors and the director of her department knew that Plaintiff intended to take time off to address serious medical issues, and that Plaintiff's immediate supervisor knew that Plaintiff had begun the process to request FMLA leave.

Next, Defendant argues that its good faith is demonstrated by the fact that the decision-maker, Sean Jones, took time to investigate and confirm with Plaintiff's supervisors that she had, in fact, violated the hospital's advance notice policy. The problem with this argument is that it assumes Plaintiff violated the advance notice policy. In other words, if Plaintiff did not actually violate the policy, then Jones' investigation and subsequent termination of Plaintiff could reasonably be construed as evidence of bad faith, rather than good faith. Indeed, the record contains evidence [45-6] that Jones knew before finally deciding to terminate Plaintiff that she had

---

[3]Moreover, "[t]he FMLA requires only that an employee contact her employer and state that leave is needed as soon as practicable under the facts and circumstances of the particular case." *Saenz v. Harlingen Med. Ctr., L.P.*, 613 F.3d 576, 583 (5th Cir. 2010) (citing 29 C.F.R. § 825.303). The employee "need not expressly assert rights under the FMLA or even mention the FMLA." *Id.*

initiated the FMLA leave process.

For these reasons, the Court finds that there exist genuine issues of material fact regarding Defendant's good faith and the reasonableness of its belief that its actions did not violate the FMLA.

### B.  *Damages*

Plaintiff claims that she could have returned to work in mid-March 2015 if she had not been terminated. It appears to be undisputed that she would have used ten of her twelve weeks of FMLA leave. *See* 29 U.S.C. § 2612(a)(1) (granting qualifying employees twelve weeks of FMLA leave in a 12-month period). It is also undisputed that Plaintiff was hospitalized again on April 11, 2015, and that she was unable to work for another six weeks. Accordingly, Defendant argues that Plaintiff would have only worked for another two weeks before having to take leave again, and, as she would have expended her FMLA leave at that point, Defendant argues that it would have terminated her. Therefore, Defendant contends that Plaintiff's compensatory damages should be limited to two weeks' worth of back pay.

Defendant has presented no evidence that it would have immediately terminated Plaintiff once she expended all her FMLA leave. In fact, Plaintiff declared [50-1] that she was injured in an automobile accident in 2010, that she missed approximately twenty-one weeks of work, and that Defendant granted her nine weeks of non-FMLA leave after she exhausted her FMLA leave. Accordingly, the Court finds that there exists a genuine dispute of material fact as to whether Defendant would have terminated Plaintiff once she expended her FMLA leave.

## IV. CONCLUSION

For the reasons provided above, the Court **denies** Defendant's Motion for Partial Summary Judgment [45].

SO ORDERED AND ADJUDGED, on this, the 9th day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE